IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., a Texas Limited Partnership, <br><br> Plaintiff, <br><br> v. <br><br> IDEAMAX, a California General Partnership, EUGENE LEE, and AEKYUNG LEE, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Case No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Flexible Innovations Ltd., a Texas Limited Partnership, hereby files its Complaint, by and through its attorneys, against IdeaMax, a California General Partnership, and its partners, Eugene Lee and Aekyung Lee, both California residents, for willful infringement of U.S. Trademark Registration No. 3,407,948, false designation of origin under the Lanham Act and unfair competition under Texas common law, showing as follows:

### PARTIES AND SERVICE

1.  Plaintiff Flexible Innovations Ltd. is a Texas Limited Partnership with its principal place of business in Tarrant County, Texas, and is sometimes hereinafter referred to as "FI."

2.  Upon information and belief, Defendant IdeaMax is a California General Partnership owned and operated by Eunchang Lee, also known as Eugene Lee, an individual residing in Irvine, Orange County, California, and Aekyung Lee, an individual also residing in Irvine, Orange County, California. Defendant IdeaMax is registered in Orange County, California, at 3176 Pullman Street, #109, Costa Mesa, California, with a principal place of

business at 16 Technology Drive, Suite 127, Irvine, California 92618. Service may be made on all Defendants by personally delivering summonses and copies of this Complaint to Eugene Lee and Aekyung Lee at the Technology Drive address pursuant to Rule 4(h)(1)(A) & (e)(2)(A), Federal Rules of Civil Procedure ("FRCP"). Sometimes, Defendant IdeaMax, Defendant Eugene Lee, and Defendant Aekyung Lee are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Further, there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction under 28 U.S.C. §§ 1331 and/or 1332(a)(1). Further, this Court also has jurisdiction over the Texas State common law claim of unfair competition under 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this District and Division.

5. This Court has personal jurisdiction over the Defendants because they have taken tortious actions and entered into contracts and sold goods in this District and Division and this cause of action arises out of such actions, contracts, and sales. See Exhibits D, E, L, and M.

## BACKGROUND AND FACTS

6. Rakupuri, Inc., a Japanese corporation with its principal place of business in Japan, manufactures, markets, and sells patented DIGICLEAN® adhesive microfiber display screen cleaning wipes. See attached Exhibit A. By assignment dated November 20, 2012 from Rakupuri, Plaintiff FI became and now is the owner of United States Trademark Registration No. 3,407,948 for DIGICLEAN® for "Sheet-shaped wiping cloth for cleaning display screens of car navigation, cellular phones, or handheld game machines ("DIGICLEAN Mark"), including all

claims for damages and lost profits for all past infringement of said mark (DIGICLEAN) and said registration. A copy of the DIGICLEAN Mark registration certificate and the assignment as recorded in the United States Patent and Trademark Office is attached hereto as Exhibit B.

7.  Rakupuri is the owner of U.S. Patent 7,431,983 issued October 7, 2008, entitled "WIPING SHEET" (the "'983 Patent"), which details its "DIGICLEAN" wiping cloth. A copy of the '983 Patent is attached as Exhibit C.

8.  Plaintiff FI has an Exclusive Distributorship Agreement ("Agreement") with Rakupuri. Under the Agreement, Plaintiff FI is the "sole and exclusive distributor to sell and distribute Products (DIGICLEAN) in North America and non exclusively in the other countries except Japan."

9.  Upon information and belief, Eugene Lee and Aekyung Lee are the general partners that operate IdeaMax, that own IdeaMax's websites www.magstic.net and www.microclean.net (see selected pages attached as Exhibit D) and corresponding domain names of magstic.net and microclean.net and that advertise, market, offer for sale, and sell adhesive microfiber display screen cleaning wipes in the United States and in the State of Texas and in this District and Division. See Exhibit E.

10. In or around April 2011, after FI became the exclusive distributor of Rakupuri in the United States for DIGICLEAN® products, FI announced on its website that it was the authorized distributor of DIGICLEAN® products and posted a copy of Rakupuri's trademark registration certificate for the DIGICLEAN mark on FI's websites www.flexibleinnovations.com and www.digiclean.com.

11. In or around July 2011, Defendants presented a booth at the Advertising Specialty Institute tradeshow in Chicago ("ASI Tradeshow").

12. At the ASI Tradeshow, Defendants advertised, offered for sale, and, upon information and belief, sold display screen wipe products using Rakupuri's DIGICLEAN Mark without authorization or consent from Rakupuri or FI.

13. Subsequently Rakupuri filed suit against Defendants in the United States District Court for the Central District of California, Southern Division, Case 8:11-cv-01428 ("California Case"), claiming *inter alia*, Rakupuri's non-infringement of Defendants' U.S. Patent 6,613,382, issued September 2, 2003, entitled "Method of Manufacturing a Note Poster" (the "'382 Patent"), a copy of which is attached as Exhibit F. Defendants counterclaimed, and named Plaintiff FI as a party; however, Plaintiff FI was never served and did not participate in that California Case.

14. Rakupuri and Defendants subsequently settled and dismissed with prejudice the California Case, while entering into a Confidential Settlement Agreement ("CSA") effective on or about February 21, 2012. Given the confidential nature of the CSA, it is not attached hereto as an exhibit. However, as pertinent here, Defendants agreed as follows in the CSA, ¶ 2.1:

> **DIGICLEAN Mark.** On the Date of Execution, IdeaMax, Eugene Lee and Aekyung Lee, jointly and severally, agree to cease all use of the DIGICLEAN Mark and to refrain from use or registration of any mark in the United States or any other country that is comprised of DIGICLEAN, or any term similar to DIGICLEAN, as a trademark, without the express written permission of Rakupuri. As of the Date of Execution, IdeaMax, Eugene Lee, Aekyung Lee, and their Affiliates will not use the name "Digiclean" on any newly produced products or catalogs and will cease selling, offering to sell, importing into the United States, distributing, and marketing any item using the name "Digiclean."

Thus, Defendants recognized the DIGICLEAN Mark as being owned by Rakupuri at that time and agreed not to further use the DIGICLEAN Mark or any term similar thereto.

15. Nonetheless, it has now come to the attention of Plaintiff FI that Defendants have continued to use the DIGICLEAN Mark. They have made false designations of origin of their

products. Further, Defendants have falsely denigrated the products of Rakupuri as marketed and sold in the United States by Plaintiff FI. Further, Defendants have, in connection with goods, used in commerce false or misleading description of facts, or false or misleading representations of facts, which is likely to cause confusion as to the origin, sponsorship, or approval of their goods by another person; or, in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of their or Plaintiffs' goods or commercial activities. Plaintiffs believe that they are, or are likely to be, damaged by such acts.

16. In particular, but without limitation, and as illustrative of such conduct, Eugene Lee sent an email to Tammy Menton of Commotion Promotions (a distributor for both Plaintiff FI and Defendants) the following email:

> **From:** Eugene Lee [mailto:ideamax@ampro.net]
> **Sent:** Wednesday, March 14, 2012 11:44 AM
> **To:** Tammy Menton
> **Subject:** RE: Seattle Pacific University Digiclean files – FOR PO #68520 –
>
> Hi Tammy,
>
> Here's the proof file attached.
> Another file will be followed.
>
> Thanks!
> Eugene Lee
> IDEAMAX
> (949)754-0960
> (949)754-0961(fax)
> www.microclean.net
> The only US Patented Microfiber Screen Cleaners Manufacturer you can trust with quality and service.
> The genuine/washable MicroClean/DigiPad/PhoneStand producer!
> Watch out low quality and illegal copycats!
>
> New Gel Adhesion on MicroClean now sticks to matte finished phones!

Defendants thereby (a) used "Digiclean;" (b) stated that they were the only patented manufacturer, whereas Plaintiff FI's DIGICLEAN® products are patented and Defendants have

products. Further, Defendants have falsely denigrated the products of Rakupuri as marketed and sold in the United States by Plaintiff FI. Further, Defendants have, in connection with goods, used in commerce false or misleading description of facts, or false or misleading representations of facts, which is likely to cause confusion as to the origin, sponsorship, or approval of their goods by another person; or, in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of their or Plaintiffs' goods or commercial activities. Plaintiffs believe that they are, or are likely to be, damaged by such acts.

16. In particular, but without limitation, and as illustrative of such conduct, Eugene Lee sent an email to Tammy Menton of Commotion Promotions (a distributor for both Plaintiff FI and Defendants) the following email:

> **From:** Eugene Lee [mailto:ideamax@ampro.net]
> **Sent:** Wednesday, March 14, 2012 11:44 AM
> **To:** Tammy Menton
> **Subject:** RE: Seattle Pacific University Digiclean files – FOR PO #68520 –
>
> Hi Tammy,
>
> Here's the proof file attached.
> Another file will be followed.
>
> Thanks!
> Eugene Lee
> IDEAMAX
> (949)754-0960
> (949)754-0961(fax)
> www.microclean.net
> The only US Patented Microfiber Screen Cleaners Manufacturer you can trust with quality and service.
> The genuine/washable MicroClean/DigiPad/PhoneStand producer!
> Watch out low quality and illegal copycats!
>
> New Gel Adhesion on MicroClean now sticks to matte finished phones!

Defendants thereby (a) used "Digiclean;" (b) stated that they were the only patented manufacturer, whereas Plaintiff FI's DIGICLEAN® products are patented and Defendants have

no patent on a screen wipe product; (c) stated that their product was the only one which "you can trust with quality and service;" (d) warning against "low quality and illegal copycats!", thereby misrepresenting the nature, characteristics, or qualities of their or Plaintiff FI's goods or commercial activities. Upon information and belief, the signature line of the above email, which is inclusive of elements (b) through (d), is a standard signature line for all of Defendants' emails.

17. As another illustrative event of infringement, hardly had the "ink dried" on the CSA when Defendants sold "DIGICLEAN PLUS B+ SIZE SCREEN CLEANER WITH POSTCARDS" on or about 03/26/12. See Purchase Order attached hereto as Exhibit G.

18. As noted above, Defendants claim ownership of the '382 Patent. A brief review of the '382 Patent reveals that it relates to a method for manufacturing a note poster. Nowhere in the '382 Patent is there any discussion or claims relating to screen cleaning characteristics of the note poster.

19. As shown on their website, Defendants have adopted and are using the trademarks "DigiCloth" and "DigiPad" to identify their microfiber cleaning cloth, in an effort to trade upon the goodwill of Plaintiffs' "DIGICLEAN" mark. See Exhibits H and I attached hereto. On Exhibit D, page 1, Defendants falsely claim that its "MicroClean" product is the "Original U.S. Patent Processed Screen Cleaner."

20. As shown on Defendants' current catalogue, attached as Exhibit J, Defendants falsely claim that its "MicroClean" product is the "Original U.S. Patent Processed Screen Cleaner," while using intentionally the confusing designations "DigiCloth" and "DigiPad" in association with its screen wiping products, in their attempts to trade upon the goodwill of Plaintiffs' "DIGICLEAN" Mark.

21. Further, Defendants have attempted to associate Plaintiff FI's "DIGICLEAN" products with Defendants in a concerted effort to trade off of Plaintiffs' goodwill and cause confusion in the marketplace as to affiliation. This confusion and identification is shown, by way of example, in Defendants' Facebook page Exhibit K, as well as in Exhibit D, pages 1 and 4, and Exhibit J, pages 2 and 3, all prominently depicting "DIGICLEAN" products as being provided by Defendants.

22. Further examples include Defendants' efforts to mislead and confuse as demonstrated by their distributors websites, such as the Texas distributors shown in Exhibit L and Exhibit M. In Exhibit L, page 2, the last 7 products listed are those of Defendants, yet 6 of the 7 are presented as "Digi Clean" products. The "football card" of Exhibit L, page 2, when "clicked" upon, yields Exhibit L, page 3, which starts off in its description, "How to use Digi Clean." Exhibit L, page 4, shows Defendants' product identified as a "Digi Clean' product. The same issues are, by way example, shown in Exhibit M. See also Exhibit D, which also prominently depicts the "football card" and the "Digi Clean" card images on Defendants' own website.

23. As a result of the foregoing, Plaintiffs have been damaged and, on information and belief, Defendants have profited from such misconduct as above-described.

## CAUSES OF ACTION

### COUNT 1—TRADEMARK INFRINGEMENT

24. The allegations of ¶¶ 9-23 above are hereby incorporated herein by reference.

25. Under 15 U.S.C. § 1114(1)(a), since February 21, 2012, Defendants have, without the consent of Plaintiff FI, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the DIGICLEAN mark in connection with the sale, offering for sale, distribution, or

advertising of goods or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

26. Under 15 U.S.C. § 1117, Plaintiffs seek Defendants' profits, damages sustained by Plaintiff FI, since February 21, 2012, and costs of this action. Further, under the circumstances of this case, Plaintiff FI seeks trebling of the actual damages. Further, if the Court should find that the recovery based on profits is inadequate, Plaintiff FI prays that the Court will in its discretion enter judgment for such a sum as the Court shall find to be just.

27. Because of the blatant and willful nature of Defendants' infringement, beginning virtually immediately upon the execution of the CSA stating that they would discontinue doing so, Plaintiff FI submits this is an exceptional case and seeks its reasonable attorneys' fees.

## COUNT 2—LANHAM ACT UNFAIR COMPETITION

28. The allegations of ¶¶ 9-27 above are hereby incorporated herein by reference.

29. Under 15 U.S.C. § 1125(a), since February 21, 2012, Defendants have, in connection with goods, used in commerce false or misleading description of facts, or false or misleading representations of facts, which are likely to cause confusion as to the origin, sponsorship, or approval of their goods by another person; or, in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of their or Plaintiff FI's goods or commercial activities. Plaintiff FI believes that it is, or is likely to be, damaged by such acts. Also, Defendants have made false designations of origins of their product with respect to using DIGICLEAN as a trademark, thereby identifying their product with Plaintiff FI as a source.

30. Under 15 U.S.C. § 1117, Plaintiff FI seeks Defendants' profits, damages sustained by Plaintiff FI since February 21, 2012, and costs of this action. Further, under the circumstances of this case, Plaintiff FI seeks trebling of the actual damages. Further, if the Court

should find that the recovery based on profits is inadequate, Plaintiff FI prays that the Court will in its discretion enter judgment for such a sum as the Court shall find to be just.

31. Because of the blatant and willful nature of Defendants' misrepresentations, Plaintiff FI submits this is an exceptional case and seeks its reasonable attorneys' fees.

## COUNT 3—COMMON LAW UNFAIR COMPETITION

32. The allegations of ¶¶ 9-31 above are hereby incorporated herein by reference.

33. Since February 21, 2012, Defendants have engaged in unfair competition with Plaintiff FI through violations of statutory obligations and/or trade disparagement, thereby, on information and belief, obtaining profits that would otherwise have gone to Plaintiff FI and thereby damaging Plaintiff FI.

34. Defendants' actions have been actuated by fraud and/or malice.

35. Plaintiff FI seeks an award of exemplary damages under the provisions of Chapter 41, Texas Civil Practices and Remedies Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FI prays for the following relief:

A. Preliminary and permanent injunction against further violations of 15 U.S.C. §§ 1114 and 1125(a) by Defendants, as well as enjoining any future acts of unfair competition by Defendants against Plaintiff FI, including but not limited to ordering Defendants not to further use DIGICLEAN, DIGICLOTH, DIGIPAD, or any name or mark deceptively similar thereto;

B. Defendants' profits;

C. Plaintiff FI's damages;

D. Exemplary damages;

E. Reasonable and necessary attorneys' fees;

F.  Court costs;

G.  Prejudgment and post-judgment interest; and

H.  Such other or further relief to which Plaintiff FI may be entitled.

### JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff FI hereby demands a trial by jury in the above-identified action.

Dated: November 30, 2012.          Respectfully submitted,

/s/ Richard L. Schwartz
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

**ATTORNEYS FOR PLAINTIFF FLEXIBLE INNOVATIONS LTD.**

85168-v2