IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 29 2013

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | |
|---|---|
| FLEXIBLE INNOVATIONS LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:12-CV-856-A |
| § | |
| IDEAMAX, EUGENE LEE, and § | |
| AEKYUNG LEE, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION
## AND
## ORDER

Before the court for consideration is the motion of defendants, IdeaMax, Eugene Lee, and Aekyung Lee, to set aside the clerk's entry of default against them. After having considered such motion, plaintiff's response thereto, defendants' reply to the response, all other pertinent parts of the record of this action, and applicable legal authorities, the court has concluded that such motion should be denied.

I.

### Background and Procedural History

The above-captioned action was initiated by complaint filed by plaintiff on November 30, 2012, complaining that defendants infringed plaintiff's trademark, engaged in unfair competition in violation of the Lanham Act, and engaged in common law unfair competition. Plaintiff sought injunctive relief and recovery of

defendants' profits, plaintiff's damages, exemplary damages, reasonable and necessary attorney's fees, court costs, and pre-judgment and post-judgment interest.

Each of the defendants was served with a summons and copy of the complaint on December 6, 2012. In each instance, the summons directed that within twenty-one days after service of the summons, the defendant on whom service was made must serve on the plaintiff or plaintiff's attorney an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The name and address of the attorney for the plaintiff was set forth on the face of each summons.

On December 28, 2012, plaintiff filed a request for entry of default by the clerk, supported by a declaration of the attorney for the plaintiff establishing that as of December 28, 2012, more than twenty-one days after the date on which the defendants were served with summons and a copy of the complaint, none of the defendants had served an answer or responsive pleading on the attorney for the plaintiff. On January 2, 2013, the clerk entered default in favor of plaintiff against all three defendants.

On January 11, 2013, plaintiff filed a motion for default judgment. By order signed January 15, 2013, the court ordered that the motion for default judgment be set for hearing at 10:00 a.m. on January 30, 2013. The order directed that counsel for plaintiff serve notice of the hearing on defendants. On January 16, 2013, counsel for the plaintiff mailed a copy of the January 15, 2013 order separately to each of the plaintiffs, by both first-class mail and certified mail, return receipt requested. None of the mailings were returned as undelivered. The certified mail, return receipt requested, mailings each was delivered to the addressee on January 23, 2013.

At the scheduled time on January 30, 2013, the hearing on the motion for default judgment commenced. Plaintiff appeared through two attorneys and a principal of plaintiff. Defendants Eugene Lee and Aekyung Lee also appeared pro se. Eugene Lee identified himself on the record as an owner of defendant IdeaMax. Eugene Lee explained on the record of the hearing more than once that the failure of defendants to timely answer or otherwise respond to the complaint was because he thought the defendants had sixty days within which to answer or respond. He explained:

> THE COURT: What caused you to think you had 60 days to answer the lawsuit?

3

>   MR. LEE:  Because the paper said 21 days or 60 days on the papers.
>
>   THE COURT:  Said 21 days, or 60 says if you're the United States of America.
>
>   MR. LEE: Yes. I thought --
>
>   THE COURT:  You're not the United States of America.
>
>   MR. LEE:  It says United States agency, so -- I have business with foreign countries a lot, so my English combination was like it's -- it's like U.S. company or something like that, so it was my mistake, but I just thought it's -- because I do business as a U.S. company, so I thought it was like -- it's okay for 60 days. And I never sue anybody, so I don't know the -- what's going on this, you know, system, so I thought it was 60 days and that's why I didn't hire anybody, sir. That's --
>
>   THE COURT:  Well, why have you not hired a lawyer yet? Why are you here without a lawyer?
>
>   MR. LEE:  Because -- because -- yeah, I was planning to hire a lawyer, like middle of January, because I have like a 60 days. And as I explained to you, sir, I have to prepare a lot of things for January, so I just put aside this, and I thought I have a full 60 days. So I know that it's my mistake, but I'm -- I didn't even know these things --[1]

The court made the decision at the hearing not to proceed with proof of damages recoverable by plaintiff but, instead, to recess the hearing to give defendants an opportunity to file a

---

[1] The quoted language in the text is from a rough draft of a transcript of the January 30, 2013 hearing on the motion for default. Neither party has ordered a transcript, but, for convenience of the court, the court reporter prepared a rough draft of pertinent parts.

motion to set aside the clerk's entry of default against defendants.

On January 30, 2013, the court signed an order giving defendants until February 13, 2013, to file a motion to set aside the clerk's entry of default. On February 8, 2013, John T. Wilson, as lead counsel, and Kandace D. Walter of Dallas, Texas, filed a notice of entry of appearance as attorneys of record for defendants. On February 15, 2013, defendants filed a motion to set aside the clerk's entry of default. This time, multiple reasons were given for the failure of defendants to timely answer or otherwise respond:

    1. The first reason given was the same as the one Eugene Lee gave at the January 30 default judgment hearing, i.e., that he did not timely answer or respond because he read the summons to give him, as a "United States agency," sixty days after receiving the summons to answer or respond. He reiterated that he thought that "by the phrase 'United States agency' the summons meant and referred to a business entity established in the United States." Mot. at 9-10 ¶ 19.

    2. The second reason he gave for failure to timely answer or respond was that he thought that there was no need for a response because, he alleged, he though the claims

made in the lawsuit had been resolved by the settlement of an earlier lawsuit. He said that "Defendants were confused as to the need for response based on their reasonable belief that the CSA in the California Lawsuit, which lawsuit involved claims substantially similar and/or identical to FLEXIBLE's causes of action, had resolved all then existing and future claims related to the alleged infringement of the DIGICLEAN Mark, such as the claims in this lawsuit . . . ." Id. at 10 ¶ 20.

    3.    What appears to be a third excuse for not timely answering has to do with a communication by Eugene Lee to a representative of plaintiff in an attempt to "have this lawsuit ceased on the basis of the waiver contained in the CSA," in which communication Eugene Lee "indicated his intention to take the necessary actions to defend this lawsuit if the lawsuit was not ceased." Id. at 10-11 ¶ 21.

On February 22, 2013, plaintiff responded to the motion to set aside the entry of default; on March 7, 2013, defendants replied to the response; and, on March 13, 2013, plaintiff filed its sur-reply.

In the meantime, on March 7, 2013, the court had a telephone conference/hearing in this action with counsel for the plaintiff and lead counsel for the defendant on the line. Discussion was

6

had as to the relevance, if any, to the issues before the court of a settlement agreement in the earlier lawsuit, referred to as a "CSA." This time, the existence of the CSA was given as the sole reason why defendants did not timely answer or respond to the complaint. The following exchange occurred:

> THE COURT: I'm just asking you if there is any other relevance to it as far as this motion is concerned?
>
> MR. WILSON: Right. Well, part -- part of it is the plaintiff was a defendant in that lawsuit as well, Your Honor, so they are or were involved to some degree in that prior lawsuit. That is the other relevance.
>
> THE COURT: Okay. Well, did the fact that that settlement agreement existed have anything to do with the failure of the defendants in this case to timely answer?
>
> . . . .
>
> MR. WILSON: Okay. Go ahead, Judge.
>
> THE COURT: Is that why they didn't timely answer the lawsuit, because they thought the settlement agreement took care of it?
>
> MR. WILSON: Correct, Your Honor.

Tr. of Mar. 8, 2013 Hr'g at 10-11.

During the telephone conference/hearing, an agreement was reached by the parties that a permanent injunction of the type sought by plaintiff in its complaint should be ordered at that time. On March 7, 2013, the court ordered, and put in final judgment form, a permanent injunction in favor of plaintiff

against defendants of the kind sought by plaintiff in its complaint.

## II.

## Analysis

A. <u>Applicable Standards</u>

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ." The defendant has the burden of proof on the ultimate "good cause" issue. <u>CJC Holdings, Inc. v. Wright & Lato, Inc.</u>, 979 F.2d 60, 64 (5th Cir. 1992).

The primary factors to consider in determining whether plaintiff has shown good cause or "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." <u>Id.</u> However, the district court need not consider all those factors. <u>Id.</u> And, other factors can be considered as well. <u>Id.</u>

While "courts uniformly favor trial on the merits, . . . the decision to set aside a default is committed to the sound discretion of the trial court . . . ." <u>Matter of Dierschke</u>, 975 F.2d 181, 183 (5th Cir. 1992) (internal quotation marks and footnotes omitted). "[W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by

default, the former is more readily granted than a motion to set aside a default judgment." Id. at 184.

"Willful failure [to answer] alone may constitute sufficient cause for a court to deny [a] motion [to set aside a default]." Id. at 184-85. "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings, there need be no other finding." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks and footnote omitted).

B. <u>Defendants Have Failed to Carry Their Burden to Establish "Good Cause" to Set Aside the Entry of Default</u>

   1. <u>Defendants Have Failed to Show that Their Default was Not Willful</u>

Defendants have failed to offer any credible explanation for their failure to timely serve an answer or other response.[2] The court does not give credence to any of the explanations offered by defendants. The nonsensical, inconsistent, and contradictory reasons given by defendants for not timely answering or otherwise responding to the complaint cannot be accepted by the court as truthful. A reasonable inference to be drawn is that defendants intentionally failed to timely file an answer or motion, perhaps to avoid the expense of hiring an attorney.

---

[2] The court has noted with interest that defendants have yet to answer or otherwise respond to the complaint.

9

If defendants were serious about timely defending themselves in this action, they certainly would not have waited until after the January 30, 2013 hearing on the motion for default judgment to cause attorneys to enter an appearance on their behalf. They knew at least a week before the hearing of the date and purpose of the hearing, and there is no indication that they did not have the resources with which to cause an attorney to be employed to represent them at the hearing. Nor is there any evidence suggesting that they did not have the resources at the time of Eugene Lee's threatening message to plaintiff on December 27, 2012, to retain an attorney to file an answer or response to the complaint on their behalf.

December 27, 2012 is when Eugene Lee sent a message to a representative of plaintiff informing that defendants had "received your paperwork on DigiClean trademark," urging defendants to "[p]lease stop the suit because we're not promoting or using the name of DigiClean," and threatening that "[i]f I do not hear from you, I have to take actions too." Defs.' Ex. 1 to Jan. 30, 2013 Hr'g. The December 27 message is a factor that persuades the court that defendants intentionally chose not to timely file an answer because of a hope that they could bluff their way out of having to incur the expense of doing so by

threatening plaintiff that if it did not dismiss this action, it would be facing counter-litigation by defendants.

The court is inclined to think that the record establishes that the failure of defendants to timely answer or respond to the complaint was intentional. Even if the court were unable to make such a finding under the record, the fact would remain that defendants have failed to carry their burden of proof of showing that their failure to timely answer or respond to the complaint was not intentional. Therefore, the inquiry could end here, there being no need for another finding if the willfulness factor cannot be resolved in favor of the defaulting parties. Lacy, 227 F.3d at 292; Matter of Dierschke, 975 F.2d at 183.

    2.   <u>Defendants Have Not Presented a Meritorious Defense</u>

One would think that defendants would have filed an answer by now setting up whatever defenses they could allege consistent with the obligations of defendants and their counsel under Rule 11 of the Federal Rules of Civil Procedure. Instead of doing that, defendants have put in their motion to set aside the entry of default descriptions of what they contend are meritorious defenses to the claims made against them in the complaint. None of the purported meritorious defenses would carry the day for defendants if this case went forward.

Defendants sum up their "meritorious defense" contentions with the following:

> As to the second element of the standard for establishing good cause, Defendants can present meritorious defenses sufficient to enable the trier of fact to find in their favor in that A. LEE is not a member or owner of IDEAMAX; FLEXIBLE has not pled either vicarious liability or civil conspiracy between E. LEE and IDEAMAX; IDEAMAX is improperly designated as a general partnership; and, FLEXIBLE's claims are barred by waiver and release.

Mot. at 11, ¶ 23.

After having considered the conclusory allegations in paragraphs 23-29 on pages 11-14 of the motion in support of defendants' "meritorious defenses" theories and the contents of the affidavits of Eugene Lee and Aekyung Lee, as contained in the appendix to the motion, the court is not persuaded that there is any substance to any of the meritorious defenses theories. Therefore, even if the court were required to consider the meritorious-defense factor in order to reach a decision as to whether the motion should be granted, the court would conclude that defendants have failed to present a meritorious defense. They have not persuaded the court that they would be able to defeat any of plaintiff's pleaded claims on the basis on any of the defensive theories they have described in their motion.

3.   The Prejudice Factor

Plaintiff argues in its response that it will suffer prejudice if the entry of default is set aside due to the fact that plaintiff and defendants are engaged in ongoing competition that will continue to harm plaintiff if the permanent injunction sought by plaintiff against defendants is not promptly entered. That prejudice contention no longer has possible merit in view of the fact that, pursuant to agreement of the defendants, the court ordered grant of the permanent injunction plaintiff sought by its complaint and entered a final judgment as to that injunction. See Mar. 7, 2013 Order and Final J.

Of course, plaintiff has suffered significant litigation expenses by reason of defendants' default and the activities related to defendants' efforts to set the entry of default aside. While defendants, through their counsel, indicated during the March 7, 2013 telephone conference/hearing that "[t]hey intend to reimburse for the cost to get this case restarted and to reimburse them for whatever they are presently," Tr. of Mar. 7, 2013 Hr'g at 13, the filings by the parties on March 13, 2013, March 19, 2013, and March 20, 2013, on the issue of litigation expenses incurred by plaintiff do not offer much encouragement that an agreement could be reached between the parties on the amount plaintiff would receive by reimbursement from defendants

13

even if the court were to order reimbursement. Of course, there always is the uncertainty as to whether plaintiff would be able to enforce collection from defendants of any amount the court might order defendants to pay as reimbursement.

The court is inclined to think that defendants have the better of the argument on the prejudice-to-plaintiff issue, but that is not important in the final analysis considering that defendants have not carried their ultimate burden of proof to show good cause for the setting aside of the entry of default.

4. Conclusion

The failure of defendants to show that their failure to timely answer or respond was not intentional is fatal to their motion to set the entry of default aside. But that is not the only shortcoming in defendants' presentations in support of their motion. They have failed to persuade the court that they have presented a meritorious defense. While defendants may have the better of the argument on whether plaintiff would be prejudiced if the entry of default were to be set aside, even if that factor were to be resolved in favor of defendants, they still would not have carried their burden to show good cause for the setting aside of the entry of default. Therefore, their motion is being denied, and the court is ordering a resumption of the hearing on the motion for default judgment.

III.

<u>Order</u>

Therefore,

The court ORDERS that defendants' motion to set aside the clerk's entry of default against them be, and is hereby, denied.

The court further ORDERS that the hearing on the motion for entry of default judgment be, and is hereby, scheduled to resume at 10:00 a.m. on May 29, 2013.

The court further ORDERS that, unless leave of court is obtained in advance of the hearing, the court will not receive testimony at the hearing through affidavits, but only through oral testimony or discovery responses.

The court further ORDERS that as to witnesses and exhibits to be offered at such hearing:

(1) By 10:00 a.m. on May 28, 2013, each of the parties shall file a witness list and an exhibit list.

(2) The parties shall not file exhibits prior to the hearing, but shall have the originals and one copy thereof available immediately prior to the hearing. Each exhibit that will be offered at the hearing shall bear the case number of this action in addition to the exhibit number and identity of offering party.

(3) The witness list shall be accompanied, when it is filed, by a statement as to each witness of each subject matter upon which the witness will be asked to testify. The witness list shall include one column bearing the heading "Sworn" and another bearing the heading "Testified" to help the court keep track of the witnesses at the hearing.

(4) The exhibit list shall be accompanied, when it is filed, by a statement signed by counsel for each party, other than the party who will be offering the exhibit, stating as to each exhibit shown on the list either that the parties agree to the admissibility of the exhibit or the nature and legal basis of any objection that will be made to the admissibility of the exhibit and the identity of the party or parties who will be urging the objection. All parties are required to cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit such party proposes to offer. No exhibit will be offered at the hearing unless such a statement has been timely

filed as to the exhibit. The exhibit list shall include one column bearing the heading "Offered" and another bearing the heading "Admitted."

(5) No party is permitted to adopt as, or in, the party's witness list or exhibit list all or any part of the witness list or exhibit list of the other party.

The court further ORDERS that if either party wishes to conduct discovery on the issue of the amount, if any, to be awarded to plaintiff from defendants by reason of defendants' default, they complete such discovery by May 16, 2013; and, the court further ORDERS that the parties cooperate in causing the discovery desired by either side to be expedited.

SIGNED March 29, 2013.

_____
JOHN McBRYDE
United States District Judge