ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 APR 16  AM 11: 21

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:12-CV-856-A |
| | § | |
| IDEAMAX, EUGENE LEE, and | § | |
| AEKYUNG LEE | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT WITH BRIEF IN SUPPORT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW,** Defendants IDEAMAX ("IDEAMAX"), EUGENE LEE ("E. LEE"), and AEKYUNG LEE ("A. LEE") (collectively "Defendants") and file this Response to Plaintiff's Motion for Contempt (the "Plaintiff's Contempt Motion"), and in support respectfully show the following:

### I.      BACKGROUND

 1.  On March 7, 2013, the Telephone Conference Hearing was held wherein the Defendants and Plaintiff agreed with the Court to enter a permanent injunction order.   The injunctive language was directly excerpted from the Proposed Order submitted by Plaintiff.[1]  On March 7, 2013, the Order granting Permanent Injunction (Doc 41) ("Order") and the Final Judgment as to Permanent Injunction (Doc 42) were entered.

---

[1] *Transcript of Telephone Conference before the Honorable John McBryde*, Volume 1 of 1, Page 12, Lines 8-11.

---

2.   According to the Order, Defendants are "enjoined and restrained from any further use of the terms or marks 'DigiClean,' 'DigiPad,' and 'DigiCloth,' or any name or mark deceptively similar to plaintiff's DIGICLEAN Mark, [United States Trademark Registration No. 3,407,948 ("DigiClean Mark")] as used in association with screen wipes."[2]

3.   Immediately after the Order, Defendants changed all their websites, catalogues and other promoting materials and refrained from the terms or marks 'DigiClean,' 'DigiPad,' and 'DigiCloth,' or any name or mark deceptively similar to plaintiff's DIGICLEAN Mark as used in association with screen wipes."[3]

4.   Despite this effort, on or about April 5, 2013, Plaintiff filed the Motion for Contempt ("Motion for Contempt) for Defendants' use of the term "DigiStand."

## II.        STANDARD

5.   It is firmly established that "[c]ontempt is committed only if a person violates a court order requiring in **specific and definite language** that a person do or refrain from doing an act."[4] "The judicial power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague and ambiguous."[5] (emphasis added)   "Therefore, the contempt power should only be invoked where **a specific aspect** of the injunction has been **clearly** violated."[6] (emphasis added).

6.   "In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence."[7]   In defining clear and convincing evidence standard for in the civil contempt proceeding, "the same definition of clear and convincing

---

[2] *Id.* at 2.
[3] *Id.* at 2.
[4] *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) citing Baddock v. Villard (In re Baum), 606 F.2d 592, 593 (5th Cir. 1979).
[5] *Id.*
[6] *Piggly Wiggly Clarksvillew, Inc., v. Mrs.Baird's Bakeries*, 177 F.3d 380, 383, (5th Cir. 1999).
[7] *Travelhost, Inc., v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1996) citing *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

evidence [of a proceeding for disbarment of an attorney], should apply in the contempt context."[8]
Therefore, Plaintiff has to present clear and convincing evidence "th[e] weight of proof which
produces in the mind of the trier of fact a firm belief or conviction as to the truth of the
allegations sought to be established, evidence so clear, direct and weighty and convincing as to
enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise
facts' of the case."[9]

### III.   DEFENDANTS OBEYED THE SPECIFIC AND DEFINITE LANGUAGE OF THE ORDER

7.   Plaintiff argues in the Motion for Contempt that IdeaMax's use of a mark or name
"Digistand" for Defendants' products is a violation of the Order because Defendants use a name
or mark that includes "Digi-."

**A.**   Plaintiff cannot claim the exclusive right to 'Digi' apart from the word 'Clean.'

8.   In various office actions issued for names and marks that include "Digi-", the United
States Patent and Trademark Office ("USPTO") repeatedly stated that the word "DIGI" alone
cannot be claimed as trademark because "it merely describes an ingredient, quality,
characteristic, function, feature, purpose or use of applicant's foods and/or service."[10]   Citing *In
re steelbuilding.com*,[11] the USPTO further stated that "this [Digi] word is an acronym for the term
"digital" and directed the trademark applicant disclaim the exclusive right to the word "DIGI"
apart from the entire trademark name.[12]   The USPTO further stated, in a different trademark
registration proceeding, "the applicant must insert a disclaimer of DIGI in the application" "[a]s

---

[8] *Id.*
[9] *Id.*
[10] Appendix p. 3-19, The *Office Action of Trademark for Application Serial number 85421874 "Digi Sniffer"* is
included herewith as "Exhibit A," and is incorporated by reference herein.
[11] 415 F.3d 1293,1297 (Fed. Cir. 2005).
[12] Appendix p. 5, Paragraph Disclaimer.

the applicant's goods are 'digital,' the term is descriptive of a feature, characteristic or function of the subject good.   Trademark Act Section 6, 15 U.S.C. §1056; TMEP§§1213 and 1213.08 (a)(i)."[13]   Thus, the applicant of the trademark "Digi Max" was ordered to disclaim the exclusive right to use DIGI apart from the word "Max" in registering his "Digi Max" name or mark.

9.   Consequently, Plaintiff also cannot claim the exclusive right to use "Digi" apart from the word "Clean" in claiming its trademark protection for the DigiClean Mark because the term is descriptive of a feature, characteristic or function.   There is no indication that 'Digi' includes a secondary meaning.[14]   According to the January 4, 2007, Notice of Pseudo Mark sent from the UPSTO ("Notice") to Plaintiff, the pseudo mark assigned to the DigiClean Mark was "Digital Clean."[15]   Consequently, Plaintiff's use of 'Digi' in the DigiClean Mark is as an acronym of 'digital,' and the word 'Digi' alone cannot be claimed because the term is descriptive of a feature, characteristic or function of a cleaner for digital products.

10. Other actions by the USPTO further indicate that Plaintiff cannot claim the exclusive right to use 'Digi' apart from the word 'Clean.'   There are more than 718 trademarks registered with the USPTO that have the word "Digi" as a prefix, including "DIGI-Wipes," a U.S trademark for "disposable wipes impregnated with cleansing compound for use on electronic digital devices such as phones, computers, mp 3 players ("DigiWipes")."   As part of the overall examination process, the USPTO searches its database to determine whether [trademark] registration must be refused because a similar mark is already registered for related products or services.   In registering the DigiWipes, the DigiClean Mark was never cited as a similar mark

---

[13] Appendix p. 20-25, The *Office Action of Trademark Application Serial Number 78/432431 "DIGI MAX"* is included herewith as "Exhibit B," and is incorporated by reference herein.
[14] Plaintiff never suggested additions or changes to the pseudo mark assignment since the Notice.
[15] Appendix p. 26-28, January 4, 2007 Notice of Pseudo Mark sent from the USPTO for the Digiclean Mark is included herewith as "Exhibit C," and is incorporated by reference herein.

already registered for related products.[16]  If Plaintiff's claim that any word or mark that start with 'Digi' is deceiving similar to DigiClean is true, the USPTO would have had to cite the Digiclean Mark against DigiWipes as similar mark.  The USPTO never did.

11.  Moreover, in the examination process of Plaintiff's DigiClean Mark, the USPTO cited another 'Digiclean' mark as a similar mark but none of the other marks or names including 'Digi' were cited.[17]  Clearly, one can only conclude the combination of the words "Digi" and "Clean," forming "DigiClean" as a whole, makes the DigiClean Mark distinctive, not the word "Digi" alone.

12.  Plaintiff's only basis in arguing that the "DigiStand" name or mark is deceptively similar to the DigiClean Mark is that "Digistand" includes the word "Digi" in its name.[18]  Plaintiff is expanding the trademark protection beyond the legal bounds and limitations by alleging that every word with prefix "Digi" in association with screen wipes is deceptively similar to the DigiClean Mark.  Consequently, Plaintiff's argument that 'Digistand' is a deceptively similar term of the DigiClean Mark inevitably fails, and thus, no specific or definite language of the Order was violated.

**B.**   Defendants' use of the "DigiStand" name is to emphasize a different function of Defendant's product

13.  Furthermore, Defendants' Digistand product ("DigiStand") primarily works as a portable stand for smart phones and hand held devices.[19]  The name "Digistand" emphasizes the product's function as a portable stand for smart phone and hand held devices.  In contrast, Plaintiff's

---

[16] Appendix 29-52, Registration of Digi Wipes, United States Trademark Registration No. 3,407,948 is included herewith as "Exhibit D," and is incorporated by reference herein.
[17] Appendix p. 53-68, The *Priority Action issued by the USPTO* for the DigiClean Mark is included herewith as "Exhibit E," and is incorporated by reference herein.
[18] *Plaintiff's Motion for Contempt with Brief in Support*, Page 1 [Doc 49].
[19] *Plaintiff's Motion for Contempt with Brief in Support, Exhibit B*, Page 3 [Doc 49].

product primarily functions as a cleaning sticker for smart phones, car navigation, or handheld game machines. The DigiClean Mark emphasizes the DigiClean product's function as a screen cleaner.[20]

14. The Order specifically prevents Defendants from using "any name or mark deceptively similar to [P]laintiff's DIGICLEAN Mark **as used in** association with screen wipes." [21] Defendant's use of 'DigiStand' name was to emphasize the product's feature as a portable stand for digital devices, while Plaintiff's use of the DigiClean Mark was to emphasize the product's feature as a screen cleaner sticker. It is obvious that Defendants' use of the 'Digistand' name is different from Plaintiff's use of the DigiClean Mark.

**C.**      Plaintiff drafted the proposed order for the Permanent Injunction and Defendants agreed.

15. It should be noted that the Order was entered upon the agreement of the parties during the Telephone Conference Hearing that was held on March 7, 2013. The Court specifically asked both Defendants and Plaintiff whether the parties agree with the Court in entering the permanent injunction language as shown in the Proposed Order Plaintiff submitted. [22]   Defendants **voluntarily** agreed to enter the Order during the Telephone Conference. Plaintiff specifically requested use of 'DigiClean,' 'DigiPad,' and 'DigiCloth,' to be enjoined, not 'DigiStand.' [23] Contrary to Plaintiff's allegations in its Motion for Contempt, Defendants are not "skirt[ing] the edges" of the injunction Order. Defendants voluntarily agreed to enjoin themselves from all the specifically requested marks. Plaintiff cannot blame its own failure to include 'DigiStand' in definite and specific language within the Order on Defendants and then request the Court to hold

---

[20] Appendix p. 67-71, Plaintiff's Website (www.digiclean.com) marketing the DigiClean product as a "Cell Phone Screen Cleaner Sticker" is included herewith as "Exhibit F," and is incorporated by reference herein.
[21] *The Order*. [Doc 41].
[22] *Transcript of Telephone Conference before the Honorable John McBryde*, Volume 1 of 1, Page 12, Lines 8-11.
[23] The record indicates that Plaintiff was aware of Defendant's use of 'DigiStand' before Plaintiff filed the proposed order. See *Plaintiff's Complaint*, [Doc1-8].

Defendants in contempt for said failure; and further, "DigiStand" cannot be a violation of the Order as laid out by Defendants above.

16. Furthermore, none of the evidence that Plaintiff provided is "so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction without hesitancy, of the truth of the precise facts of the case."[24] Thus, Plaintiff has failed to prove that a specific aspect of the injunction has been clearly violated.

## IV.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny the Motion for Contempt filed by Plaintiff.

Dated:  April 16, 2013.

Respectfully submitted,

By: _____
John T. Wilson
State Bar No. 24008284
Kandace D. Walter
State Bar No. 24047068
WILSON LEGAL GROUP P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080;
(F) 972.248.8088;

**ATTORNEYS FOR IDEAMAX, EUGENE LEE, AND AEKYUNG LEE**

---

[24] *Bd. of Supervisors of the Louisiana State Univ. v. Smack Apparel Co.*, 574 F. Supp. 2d 601, 604 (E.D. 2008).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 16, 2013, a true and correct copy of the

foregoing was served upon opposing counsel pursuant to Rules of Federal Civil Procedure.


Attorney for Flexible Innovations, Ltd.:
Richard L. Schwartz
Whitaker Chalk Swindle & Schwartz PLLC
301 Commerce Street
Suite 3500
Fort Worth, Texas 76102
Facsimile No: 817-878-0501

_____
                                    John T. Wilson