ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 MAY 16  PM 2: 32

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:12-CV-856-A |
| | § | |
| IDEAMAX, EUGENE LEE, and | § | |
| AEKYUNG LEE | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' MOTION TO RECONSIDER ORDER ON MOTION TO CLARIFY FOR JURY TRIAL WITH BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Defendants IDEAMAX ("IDEAMAX"), EUGENE LEE ("E. LEE"), and AEKYUNG LEE ("A. LEE") (collectively hereinafter IDEAMAX, E. LEE, and A. LEE are referred to as "Defendants") and file this Motion to Reconsider Order on Motion to Clarify for Jury Trial with Brief In Support (the "Response"), and in support of said Response would respectfully show the following:

## TABLE OF AUTHORITIES

### FEDERAL STATUTES & RULES

Fed. R. Civ. P. 38(d)...................................................................................7

### U.S CIRCUIT COURTS OF APPEAL CASES

*Barber v. Turberville*, 218 F.2d 34 (C.A.D.C. 1954)........................................8

*Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949)............................................7

*Hutton v. Fisher*, 359 F.2d 913 (3rd Cir. 1966)..........................................8, 9

*In re Dierschke*, 975 F.2d 181 (5th Cir. 1992)...........................................5, 6

### U.S. DISTRICT COURT CASES

*Ault v. Baker*, 2013 WL 1247647 *1 (E.D. Ark. March 27, 2013).....................9

*Kormes v. Weis, Voisin & Co.*, 61 F.R.D. 608 (E.D. Penn. 1974).....................8

*In re Dierschke* 1992 WL 333904 *1 (N.D. Tex. February 25, 1992)................6

*Mitchell v. Board of County Comm'rs*, 2007 WL 2219420 *1 (D.N.M. May 9, 2007)..............9

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On or about November 30, 2012, Plaintiff FLEXIBLE INNOVATIONS, LTD. ("FLEXIBLE") filed its *Complaint* (ECF Doc. No. 1) against Defendants, in which FLEXIBLE demanded a trial by jury pursuant to Fed. R. Civ. P. 38(b).  Plaintiff's Complaint, p. 10.

2.    On or about January 2, 2013, the Clerk of this Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a), for failure to appear or answer or otherwise plead to the Complaint. *Clerk's Entry of Default Against Defendants* (ECF Doc. No. 15).

3.    On or about January 11, 2013, FLEXIBLE filed *Plaintiff's Motion for Default Judgment with Brief in Support* (ECF Doc. No. 17) (the "Motion for Default Judgment") wherein FLEXIBLE sought a hearing as to its unliquidated damages to the extent that the Court decided hearing was necessary to determine such damages.  Motion for Default Judgment, p. 18, ¶ 43.

4.    On or about March 29, 2013, the Court entered its Memorandum Opinion and Order (ECF Doc. No. 48) setting the Motion for Default Judgment to be heard at 10:00 a.m. on May 29, 2013.  Memorandum Opinion and Order, p. 15.

5.    On or about April 16, 2013, Defendants filed *Defendants' Motion to Clarify for a Jury Trial with Brief in Support* (ECF Doc. No. 51) (the "Motion to Clarify"), seeking to have the Court's Memorandum Opinion and Order clarified and the hearing on the Motion for Default Judgment and, more specifically, the issue of FLEXIBLE's damages referred to a jury.  Motion to Clarify, p. 2-3.

6.    On or about April 19, 2013, the Court entered its Order (ECF Doc. No.56), denying Defendants' Motion to Clarify on the basis of the Fifth Circuit Court of Appeal's decision in *In re Dierschke*.  Order, p. 1-2.

## II.   ARGUMENTS & AUTHORITIES

7.      Defendants respectfully seek to have the Court reconsider its decision on the Motion to Clarify in that the Fifth Circuit Court of Appeals' decision in *In re Dierschke* is distinguishable from the this case but, rather, its ruling in *Bass v. Hoagland* should control in light of the particular facts of this matter.  Defendants would show this Court that, where a jury trial is properly demanded prior to the entry of a default, courts have consistently held and continue to maintain, in reliance upon the holding in *Bass v. Hoagland*, that a defendant is entitled to trial by jury on the issue of damages notwithstanding the defendant's default, in accordance with Fed. R. Civ. P. 38(c).  Accordingly, Defendants seek to have this Court recognized their right to trial by jury on the issue of Plaintiff's damages, as affirmed by the Fifth Circuit Court of Appeals in *Bass v. Hoagland*, as follows:

### A.   *IN RE DIERSCHKE* IS DISTINGUISHABLE FROM AND INAPPLICABLE TO THE CASE AT BAR

8.      The Fifth Circuit Court of Appeals' decision in *In re Dierschke* is inapposite to this case in that the facts of *In re Dierschke*, as relate to the issue of jury trial after entry of default, are sharply distinguishable from the facts in this case.  In support of its decision on the Motion to Clarify, the Court relied on the Fifth Circuit Court of Appeals' holding that:

> *"It is universally understood that a default operates as a deemed admission of liability.  It is also 'clear...that in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages.'  Assuming that [defendant] had the right to a jury trial he waived that right when he purposefully chose not to answer the suit and timely request such trial."*

9.      Order, p. 2 (quoting *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992)(quoting 5 Moore's *Federal Practice* § 38.19[3](1992))).  Accordingly, on the basis of this holding, the Court concluded that Defendants are not entitled to a jury trial on the issue of Plaintiff's damages.  However, the facts of *In re Dierschke* are distinguishable from the facts in this case in

that, in *In re Dierschke*, the jury demand was submitted after default had been entered against the defendant for failure to appear or answer. Although the Fifth Circuit Court of Appeals' opinion does not detail when the demand for jury trial was filed in the underlying case, *see generally In re Dierschke*, 975 F.2d 181, 181-85 (5th Cir. 1992) ("*Dierschke*"), the opinion of the lower court, from which the appeal arose, specifically states that "[t]he Clerk entered default on January 9, 1991...On January 30, 1991, Appellant filed an Answer to the Complaint to Avoid Fraudulent Transfer (with Jury Demand), a Motion for Continuance, Motion to Set Aside Default, Objection to Entry of Final Order, and a Brief in Support of Motion to Set Aside Default," clearly indicating that the jury demand was not made until after the default had been entered against the defendant. *In re Dierschke* 1992 WL 333904 *1, *1 (N.D. Tex. February 25, 1992) ("*Dierschke*[2]").

10.     In this case, however, a jury trial was properly demanded in accordance with Fed. R. Civ. P. 38 well in advance of the entry of default as part of Plaintiff's Complaint. Plaintiff's Complaint, p. 10. The importance of this distinction in the timing of the demand for jury trial in relation to the entry of default is made clear by the Fifth Circuit Court of Appeals' reasoning as to why the defendant in *Dierschke* was not entitled to a jury trial; specifically, the Fifth Circuit Court of Appeals stated that "[a]ssuming that [defendant] Dierschke had the right to a jury trial he waived that right when he purposefully chose not to answer the suit and timely request such trial." *Dierschke*, 975 F.2d at 185. Firstly, the Fifth Circuit Court of Appeals itself draws attention to the timing of the request and the timeliness thereof as being a factor to its decision; secondly, and more tellingly, the ultimate basis for the court's ruling is that the default constituted a waiver of the right to a jury trial. *Id.* However, where a jury trial has been properly demanded prior to the default, a default cannot constitute a waiver in that, pursuant to Fed. R.

Civ. P. 38(d), a properly jury demand cannot be withdrawn without the consent of the parties. Fed. R. Civ. P. 38(d).

11. Accordingly, the Fifth Circuit Court of Appeals' holding in *Dierschke* is only consistent with the Federal Rules of Civil Procedure because the default was entered prior to any proper jury demand being made. In the instance of a default occurring after a proper jury demand has been made, as in this case, the Fifth Circuit Court of Appeals' holding in *Dierschke* is inapplicable and non-controlling. Rather, resort must be made to the Fifth Circuit Court of Appeals' holding in *Bass v. Hoagland*, where the court specifically addressed the situation of a jury demand prior to entry of default and which has become the basis for numerous federal court opinions on the issue since then, as follows:

## B. *BASS V. HOAGLAND* IS THE CONTROLLING AUTHORITY AS TO THE ISSUE OF JURY TRIAL ON DAMAGES AFTER PROPER JURY DEMAND PRIOR TO ENTRY OF DEFAULT

12. Defendants are entitled to a jury trial on the issue of Plaintiff's damages in that the Fifth Circuit Court of Appeals has held that Fed. R. Civ. P. 38 and 55(b)(2) require a jury trial on the question of damages where there is a jury demand prior to the entry of default. *See Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949). In *Bass*, the Fifth Circuit Court of Appeals, citing Fed. R. Civ. P. 38(a), (b), and (d), held that "a demand for jury by the plaintiff...operated as a demand by the defendant also unless withdrawn by his consent." *Id.* Thus, even when the judgment was rendered on default, the Fifth Circuit Court of Appeals held that a jury verdict on the question of damages was required by Fed. R. Civ. P. 38 and 55(b)(2). *Id.* ("[The judgment] does say that evidence was heard, presumably on the question of damages, but there was no jury verdict thereon as required by Rules 38 and 55(b)(2)"). Accordingly, the Fifth Circuit Court of Appeals has held that where, as in this case, a plaintiff has properly demanded a jury trial and default is subsequently entered against the defendant, the defendant is,

nonetheless, entitled to a jury verdict on the fact issue of damages. *Id.*

13.     Further, various federal courts, including the District of Columbia Circuit Court of Appeals and the Third Circuit Court of Appeals, have adopted the holding in *Bass* to conclude that the default of a defendant does not obviate the requirement for a jury trial on the issue of damages where such jury trial has been properly requested under Fed. R. Civ. P. 38 prior to the default. *See Hutton v. Fisher*, 359 F.2d 913, 916 (3rd Cir. 1966); *Barber v. Turberville*, 218 F.2d 34, 36-37 (C.A.D.C. 1954). *See also Kormes v. Weis, Voisin & Co.*, 61 F.R.D. 608, 610 (E.D. Penn. 1974)(citing *Hutton*, 359 F.2d at 913; *Barber*, 218 F.2d at 34; and, *Bass*, 172 F.2d 205)("Under the facts of the present case, we will 'in fairness and logic' apply the consent requirement of Rule 38(d) to the default situation of Rule 55(b)(2), and will in the exercise of our discretion grant a jury trial to defendant Alexander limited to the issue of damages.")

14.     In *Barber*, where the Plaintiff "had endorsed upon the complaint a demand for trial by jury" and subsequently, "no appearance having been entered and no responsive pleading having been filed in behalf of defendant Barber, a default was entered upon plaintiff's application," the District of Columbia Circuit Court of Appeals stated that "[i]t may well seem that even after default, the issue as to damages should have been submitted to the jury in accordance with the provisions of Rule 55(b), Federal Rules of Civil Procedure, at least 'to determine the amount of damages'" and further stated, in reliance on *Bass*, that "[s]urely, in a case such as this, it is the better practice, if not actually compelled, that the issue as to damages be submitted to the jury." *Barber*, 218 F.2d at 37. Similarly, the Third Circuit Court of Appeals, citing *Bass,* held in *Hutton* that:

> *While the provisions of Rules 38 and 39, Federal Rules of Civil Procedure, concerning notice and consent in connection with requests for and waivers of jury trial are not expressly made applicable to default situations in which the issue of damages muse be tried, we think the*

> *requirement of notice or consent stated in those rules should in fairness and logic be applied to cases of the present type.  For even one who fails to contest liability on an unliquidated claim has a vital interest in the subsequent determination of damages and is entitled to be heard on that matter.*

15.     *Hutton*, 359 F.2d at 916 (citing *Bass*, 172 F.2d 205).   Nor, can there be any argument that the holdings in *Bass*, *Hutton*, *Barber*, and *Kormes* have been superseded by the inapposite holding in *Dierschke* in that Federal courts have continued to rely on and adopt the holding in *Bass* as reliable and proper case law since the holding in *Dierschke* in 1992. *See Ault v. Baker*, 2013 WL 1247647 *1, *10-11 (E.D. Ark. March 27, 2013); *Mitchell v. Board of County Comm'rs*, 2007 WL 2219420 *1, *12-13 (D.N.M. May 9, 2007).  Indeed, as recently as March 27, 2013, the Eastern District Court of Arkansas, relying upon *Bass* and its line of cases, granted a jury trial on the issue of damages to defendants in default on the basis that defendants had not granted their consent to the withdrawal of plaintiff's jury request in his complaint. *Ault*, 2013 WL 1247647 at *10-11.  Likewise, in *Mitchell*, the District Court of New Mexico, relying on *Bass* and the cases following thereon and the plain language of Fed R. Civ. P. 38, refused to enter judgment for damages for the plaintiff until the plaintiff either obtained the defendant in default's consent to the withdrawal of the plaintiff's jury demand or empanelled a jury. *Mitchell*, 2007 WL 2219420 at *12-13.

16.     Accordingly, as regards the situation of whether a defendant in default is entitled to a jury trial as to the issue of damages where that jury trial was properly demanded under Fed. R. Civ. P. 38 prior to the default and the defendant has not otherwise consented to the withdrawal of the jury demand, the governing case law is to be found in *Bass* and its progeny rather than in *Dierschke*.  As applied to the facts of this case, it is indisputable that Plaintiff demanded a jury trial in its Complaint in accordance with Fed. R. Civ. P. 38.  Complaint, p. 10.  Further, as shown

---

by the record, Defendants have at no time consented to the withdrawal of Plaintiff's jury demand nor has such withdrawal been made. For these reasons, applying the holdings of *Bass* and its progeny to the facts of this case, Defendants are entitled to a jury trial on the issue of damages and respectfully request that the Court reconsider its decision on the Motion to Clarify in light of the governing case law set forth hereinabove and order that the hearing on damages in this case be set before a jury.

## III.     PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants IDEAMAX, EUGENE LEE, and AEKYUNG LEE pray that this Court reconsider its decision on *Defendants' Motion to Clarify for a Jury Trial with Brief in Support* and, applying the case law set forth in *Bass* and its progeny, order that the hearing on *Plaintiff's Motion for Default Judgment with Brief in Support* be set and heard before a duly and properly empanelled jury, as required by Fed. R. Civ. P. 38. Defendants pray for such further relief, at law or in equity, to which they may be entitled.

Dated: May 16, 2013.

Respectfully submitted,

By: _____

John T. Wilson
State Bar No. 24008284
WILSON LEGAL GROUP P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080;
(F) 972.248.8088;

**ATTORNEYS FOR IDEAMAX,
EUGENE LEE, AND AEKYUNG
LEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2013, a true and correct copy of the

foregoing was served upon opposing counsel pursuant to Rules of Federal Civil Procedure.

Attorney for Flexible Innovations, Ltd.:
Richard L. Schwartz
Whitaker Chalk Swindle & Schwartz PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Facsimile No: 817-878-0501

_____
John T. Wilson

## CERTIFICATE OF CONFERENCE

The undersigned attorney herby certifies that on or about May 15, 2013, my office

attempted to confer with attorney Richard Schwartz regarding foregoing motion.   Having

received no response from Mr. Schwartz, this Motion is filed as opposed.

_____
John T. Wilson

---