ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 JUN -6  PM 1: 32

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:12-CV-856-A |
| | § | |
| IDEAMAX, EUGENE LEE, and | § | |
| AEKYUNG LEE | § | |
| | § | |
| Defendants. | § | |

---

## APPENDIX TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S DAMAGES SOUGHT FOR UNFAIR COMPETITION WITH BRIEF IN SUPPORT

---

Appendix 1

# TABLE OF CONTENTS

**Exhibit A.**  Pertinent Portions of the Transcript of the Court's May 24, 2013
Telephonic Conference with the Parties' Counsels................................................3

**Exhibit B.**  E-Mail Chain between Plaintiff's Counsel and Defendants' Counsel
Regarding Court Ordered Breakdown of Plaintiff's Damages.............................10

**Exhibit C.**  Plaintiff's Exhibit 64 – Flexible Innovations v. IdeaMax Range of Lost Profits
to Flexible Innovations...................................................................................... 15

# "EXHIBIT A"

<pre>
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF TEXAS

 3                     FORT WORTH DIVISION

 4  FLEXIBLE INNOVATIONS LTD.,   ) CASE NO. 4:12-CV-856-A
                                 )
 5             Plaintiff,        )
                                 ) FORT WORTH, TEXAS
 6  VERSUS                       )
                                 ) MAY 24, 2013
 7  IDEAMAX, ET AL.,             )
                                 )
 8             Defendant.        ) 3:02 P.M.

 9

10                     VOLUME 1 OF 1
               TRANSCRIPT OF TELEPHONE CONFERENCE
11             BEFORE THE HONORABLE JOHN McBRYDE
               UNITED STATES DISTRICT COURT JUDGE
12

13  A P P E A R A N C E S:

14  FOR THE PLAINTIFF:      MR. RICHARD L. SCHWARTZ
                            MR. THOMAS F. HARKINS, JR.
15                          Whitaker Chalk Swindle & Schwartz
                            301 Commerce Street, Suite 3500
16                          Fort Worth, Texas  76102
                            Telephone:  817.878.0524
17

18  FOR THE DEFENDANT:      MR. JOHN T. WILSON
                            MS. SUL LEE
19                          Wilson Legal Group, PC
                            16610 Dallas Parkway, Suite 1000
20                          Dallas, Texas  75248
                            Telephone:  972.248.8080

21  COURT REPORTER:         MS. DEBRA G. SAENZ, CSR, RMR, CRR
                            501 W. 10th Street, Room 424
22                          Fort Worth, Texas  76102
                            Telephone:  817.850.6661
23                          E-Mail:  debbie.saenz@yahoo.com

24  Proceedings reported by mechanical stenography, transcript

25  produced by computer.
</pre>

1

                              **I N D E X**

2    <u>PROCEEDING</u>                                          <u>PAGE</u>

3    Commingled Argument/Discussions.................. 03

4    Reporter's Certificate........................... 27

5    Word Index....................................... 28

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2                  May 24, 2013 - 3:02 p.m.
 3          THE COURT:  We're on the line.  This is a conference
 4    call between the Court and the attorneys in Number
 5    4:12-CV-856-A.  It's United States -- no, it's Flexible
 6    Innovations Limited versus IdeaMax, Eugene Lee, and Aekyung
 7    Lee.
 8          And I understand on the line for the plaintiff is
 9    Richard Schwartz; is that correct?
10          MR. SCHWARTZ:  Yes, Your Honor.
11          THE COURT:  And Thomas Harkins?
12          MR. HARKINS:  Yes, Your Honor.
13          THE COURT:  And I suspect y'all are on a speaker
14    phone?
15          MR. SCHWARTZ:  We are, Your Honor.  Is that a
16    problem?
17          THE COURT:  Yes, it's a problem.  We don't hear well
18    when you're on a speaker phone.
19          MR. SCHWARTZ:  All right.  I will pick up.
20          THE COURT:  That's Mr. Schwartz?
21          MR. SCHWARTZ:  Yes, sir, I picked up.  Is that
22    better?
23          THE COURT:  Okay.  We can hear you now.
24          MR. SCHWARTZ:  Very good, sir.
25          THE COURT:  Okay.  On the line for the defendant is
```

1  way to calculate lost profits as to trademark, as opposed to

2  unfair competition?

3         *MR. WILSON:*  In this case, yes, Your Honor, because,

4  for instance, Microclean is claimed under the unfair

5  competition section, but Microclean is not claimed under the

6  trademark section, so it's not segregated out.  Their damages

7  are not separated and identified.  Microclean gets sucked up

8  into the trademark infringement area, when it's not pled.  And

9  that's on page 7 of our --

10        *THE COURT:*  Do you agree with what he just said,

11  Mr. Schwartz, that it has to be broken down?

12        *MR. SCHWARTZ:*  No, Your Honor, for several reasons,

13  one of which is --

14        *THE COURT:*  Mr. Schwartz, I'm going to tell you how

15  we're going to handle this.  I want you to break -- provide to

16  him over the weekend, or later today, a breakdown, in as much

17  detail as you possibly can, of the elements of damage as to

18  each theory of recovery and as to each type of damage.

19        To the extent you don't provide to him a detailed

20  statement of the damages broken down in an appropriate way,

21  you will forfeit your right to recover those damages.

22        So you may want to discuss with Mr. Wilson exactly

23  what he considers to be an appropriate breakdown to take that

24  into account in deciding how you'll provide the breakdown.

25  Because like I say, if you don't have it broken down in such a

1    way that it fits the legal theories you're advocating and the

2    way it should be broken down, you'll simply forfeit your

3    damages to the extent you haven't provided it.  So I'll leave

4    it that way.

5            Mr. Wilson, you might want to give some thought,

6    when we get off the telephone, you and Mr. Schwartz, to

7    continuing on the conversation to resolve what, between the

8    two of you, that breakdown should consist of.

9            MR. SCHWARTZ:  Your Honor, may I make a request?

10           THE COURT:  I expect that to be delivered to

11   Mr. Wilson no later than, oh, sometime over the weekend.

12           Yes, Mr. Schwartz, you can make a request.

13           MR. SCHWARTZ:  The problematical issue associated

14   with this is that the unfair competition part of the case

15   hasn't -- is not premised upon Microclean.  It has to do with

16   the manner in which the defendants have used their U.S. Patent

17   in trying to sell their product in an improper manner.  So,

18   it's not an issue of a relationship with Microclean.

19           And secondarily, we don't have the documents from

20   the defendant.  They didn't give us the robustness of document

21   to make those kinds of separations.

22           THE COURT:  Mr. Wilson -- I mean, Mr. Schwartz, if

23   you don't have what it takes to prove damages, then, of

24   course, you won't include that in the damages.  I want you to

25   give to Mr. Wilson everything you have, in dollar amounts, by

```
 1              THE COURT:  Okay.  And I haven't had -- I haven't
 2    had a motion complaining about those things, and it's too late
 3    to start complaining about it now.
 4              MR. WILSON:  Okay.  Understood.
 5              THE COURT:  Okay.  Anything else we need to talk
 6    about?
 7              MR. WILSON:  Um --
 8              THE COURT:  Okay.  I'll see y'all Tuesday morning,
 9    and be sure you have with me (sic) the documents that I've
10    required that you exchange over the weekend.  Have that with
11    you Tuesday morning, so I can see what's been done.
12              MR. WILSON:  Thank you, Your Honor.
13              THE COURT:  Have a good weekend all of you.
14              MR. SCHWARTZ:  Thank you, Your Honor.
15              (End of Proceedings)
```

**REPORTER'S CERTIFICATE**

    I, Debra G. Saenz, CSR, RMR, CRR, certify that the
foregoing is a true and correct transcript from the record
of proceedings in the foregoing entitled matter.
    I further certify that the transcript fees format
comply with those prescribed by the Court and the Judicial
Conference of the United States.
    Signed this 24th day of May, 2013.

                              /s/ Debra G. Saenz
                              DEBRA G. SAENZ, CSR, RMR, CRR
                              Texas CSR No. 3158, Exp. 12/31/13
                              Official Court Reporter
                              The Northern District of Texas
                              Fort Worth Division

Business Address:     501 W. 10th Street, Room 424
                      Fort Worth, Texas   76102
Telephone:            817.850.6661
E-Mail Address:       debbie.saenz@yahoo.com

# "EXHIBIT B"

**Paul Beeler**

**Subject:** FW: Ideamax Disclosure Requests as Orderd by the Court
**Attachments:** image003.jpg

**From:** Rocky Schwartz <rschwartz@whitakerchalk.com>
**Date:** May 27, 2013, 2:43:57 PM CDT
**To:** "John T. Wilson" <john@wilsonlegalgroup.com>
**Cc:** Tom Harkins <tharkins@whitakerchalk.com>
**Subject: RE: Ideamax Disclosure Requests as Orderd by the Court**

John ...
Confirming our phone conversation ... Flexible Innovations is not seeking specific economic damages for
unfair competition ... it is seeking injunctive relief and further is of the view that the acts of unfair
competition may be considered in considering a possible multiple damages award for trademark
infringement ...
Regards ... Rocky

**Richard "Rocky" L. Schwartz**
**Whitaker Chalk Swindle & Schwartz PLLC**
**301 Commerce Street, Suite 3500**
**Fort Worth, Texas 76102**
**rschwartz@whitakerchalk.com**
**817.878.0524 Direct**
**817.878.0501 Fax**
**817.429.6268 Metro**



---

**From:** John T. Wilson [mailto:john@wilsonlegalgroup.com]
**Sent:** Monday, May 27, 2013 2:34 PM
**To:** Rocky Schwartz
**Subject:** Re: Ideamax Disclosure Requests as Orderd by the Court

Please confirm you are no longer seeking damages for unfair competition. Thanks, John

Sent from my iPhone

On May 27, 2013, at 1:57 PM, "Rocky Schwartz" <rschwartz@whitakerchalk.com> wrote:

> John ...
> See detailed response below ...
> Also ... attached see new Exhibit 64 prepared by Alan Nagorzanski in support of the
> below breakouts ...
> Also ... see Exhibit 12.1 ... an individual page within Exhibit 12 ...
> No objection to the admissibility Defendants' Exhibits 1-35, 40-48, 50-58, 60-63, 65-69
> as these are believed to be identical to those identified by Plaintiff [ if not , please detail
> which ones are not identical ] ...

Plaintiff objects to 70 and 71 upon relevancy grounds ... If Defendants wish to keep these documents on the list ... then Plaintiff wants to add the respective registrations ( attached ) as Exhibits 72 and 73 that are related to these Office Actions of Exhibits 70 and 71 ...
I will call you soon to discuss ...
Regards ... Rocky

**Richard "Rocky" L. Schwartz**
**Whitaker Chalk Swindle & Schwartz PLLC**
**301 Commerce Street, Suite 3500**
**Fort Worth, Texas 76102**
**rschwartz@whitakerchalk.com**
**817.878.0524 Direct**
**817.878.0501 Fax**
**817.429.6268 Metro**


<image001.jpg>

---

**From:** John T. Wilson [mailto:john@wilsonlegalgroup.com]
**Sent:** Friday, May 24, 2013 3:51 PM
**To:** Rocky Schwartz
**Cc:** Paul Beeler; Tom Harkins; Sul Lee; Amanda Tellez
**Subject:** Ideamax Disclosure Requests as Orderd by the Court
**Importance:** High

Rocky,

       Based upon the Court's ruling during the conference today, we are requesting that you provide your ordered breakdown of damages by the following categories:

- Claims for Defendants' sales due to trademark infringement of the DigiClean trademark due to Defendants' sales of DigiClean/MicroClean;

A minimum of 25% or higher of $1,203,239 for sales 2.21.12 thru 3.8.13
A minimum of 25% or higher of $1,265,185 for sales 2.21.12 thru 4.10.13

- Claims for Defendants' sales due to trademark infringement of the DigiClean trademark due to Defendants' sales of DigiPad;

A minimum of 25% or higher of $138,473 for sales from 2.21.12 thru 3.8.13/4.10.13

- Claims for Defendants' sales due to trademark infringement of the DigiClean trademark due to Defendants' sales of DigiCloth;

No additional damages are claimed because of these sales

- Claims for Defendants' sales due to trademark infringement of the DigiClean trademark due to Defendants' sales of DigiStand;

No additional damages are claimed because of these sales

- Claims for Plaintiff's lost profits due to trademark infringement of the DigiClean trademark from November 22, 2012 to March 8, 2013;

A minimum of 25% or higher of $119,754

- **Claims for Defendants' sales due to unfair competition (e.g. due to Defendants' claims regarding patents, legality, quality, etc.); and**

**No additional damages are claimed because of these sales**

Appendix 12

- Claims for Plaintiff lost profits due to unfair competition from February 21, 2012 through March 8, 2013.

No additional damages are claimed because of these lost profits

Plaintiff does not agree with the 3.8.13 limitation ... as evidence shows that Defendants' infringement continued even after entry of the Court's injunction ...
Treble damages based upon trademark infringement amounts above ... but include aggravating factors of unfair competition ...

Additionally, we would request clarification as to whether you are seeking treble damages for both trademark infringement and unfair competition or only one or the other. Please provide us this information over the weekend as ordered by the Court during today's conference.

Thanks,

John

<image004.png>

**PAUL T. BEELER**                          Bent Tree Plaza
*Law Clerk*                                 16610 Dallas Parkway
                                            Suite 1000
                                            Dallas, Texas 75248

www.wilsonlegalgroup.com                    (T) 972.248.8080
paul@wilsonlegalgroup.com                   (F) 972.248.8088

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify the Wilson Legal Group immediately by telephone (972.248.8080) and destroy the original message. Messages sent to and from us may be monitored.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

Appendix 13

IRS Circular 230 Disclosure (U.S. Federal Tax Advice): To ensure compliance with the requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality Notice: This e-mail and any attachments are intended only for use by the individual or entity named herein and may contain legally privileged or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this e-mail or of any attachment is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender at Whitaker  Chalk Swindle & Schwartz PLLC by telephone at (817) 878-0500 or return
e-mail, do not read it and permanently delete the original. Thank You.

<FI v IdeaMax -- Exhibits 5-27-13 .pdf>

---

IRS Circular 230 Disclosure (U.S. Federal Tax Advice): To ensure compliance with the requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality Notice: This e-mail and any attachments are intended only for use by the individual or entity named herein and may contain legally privileged or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this e-mail or of any attachment is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender at Whitaker  Chalk Swindle & Schwartz PLLC by telephone at (817) 878-0500 or return
e-mail, do not read it and permanently delete the original. Thank You.

Appendix 14

# "EXHIBIT C"

### Flexible Innovations v. IdeaMax
*Range of Lost Profits to Flexible Innovations*

| | A | B | C=A*B | D | E=A*D | F=C+E | G | H=F*G |
|---|---|---|---|---|---|---|---|---|
| Period | IdeaMax Infringing Sales [1] | IdeaMax Profit Margin | IdeaMax Profit from Infringing Sales | Additional Profit Margin had Flexible Made Sales | Additional Profit had Flexible Made Sales | Total Profit Had Flexible Made All Sales | Minimum Sales % Achieved by Flexible | Minimum Lost Profits |
| ***Damages as Claimed*** | | | | | | | | |
| 2/21/12 to 12/31/12 | $1,141,933 | 40.29% | $460,033 | 0% | $0 | $460,033 | 25% | $115,008 |
| 4/1/13 to 4/10/13 | $261,726 | 21.94% | $57,414 | 14.66% | $38,357 | $95,771 | 25% | $23,943 |
| **Total:** | $1,403,658 | | $517,447 | | $38,357 | $555,804 | | $138,951 |
| ***Requested Breakdowns:*** | | | | | | | | |
| **1. DigiClean / MicroClean** | | | | | | | | |
| 2/21/12 to 12/31/12 | $1,009,621 | 40.29% | $406,730 | 0% | $0 | $406,730 | 25% | $101,683 |
| 1/1/13 to 4/10/13 | $255,564 | 21.94% | $56,063 | 14.66% | $37,454 | $93,517 | 25% | $23,379 |
| **Total:** | $1,265,185 | | $462,793 | | $37,454 | $500,247 | | $125,062 |
| **2. DigiPad** | | | | | | | | |
| 2/21/12 to 12/31/12 | $132,312 | 40.29% | $53,302 | 0% | $0 | $53,302 | 25% | $13,326 |
| 1/1/13 to 4/10/13 | $6,161 | 21.94% | $1,352 | 14.66% | $903 | $2,255 | 25% | $564 |
| **Total:** | $138,473 | | $54,654 | | $903 | $55,557 | 25% | $13,889 |
| **3. DigiCloth [2]** | | | | | | | | |
| 2/21/12 to 12/31/12 | $5,096 | 40.29% | $2,053 | 0% | $0 | $2,053 | 0% | $0 |
| **4. DigiStand [2]** | | | | | | | | |
| 2/21/12 to 12/31/12 | $5,461 | 40.29% | $2,200 | 0% | $0 | $2,200 | 0% | $0 |
| **5. Limiting Sales from November 22, 2012 to March 8, 2013 [1]** | | | | | | | | |
| 11/22/12 to 12/31/12 | $115,798 | 40.29% | $46,650 | 0% | $0 | $46,650 | 25% | $11,662 |
| 1/1/13 to 3/8/13 | $199,780 | 21.94% | $43,825 | 14.66% | $29,279 | $73,104 | 25% | $18,276 |
| **Total:** | $315,578 | | $90,475 | | $29,279 | $119,754 | 25% | $29,938 |
| **6. Limiting Sales from February 21, 2012 to March 8, 2013 [1]** | | | | | | | | |
| 2/21/12 to 12/31/12 | $1,141,933 | 40.29% | $460,033 | 0% | $0 | $460,033 | 25% | $115,008 |
| 1/1/13 to 3/8/13 | $199,780 | 21.94% | $43,825 | 14.66% | $29,279 | $73,104 | 25% | $18,276 |
| **Total:** | $1,341,713 | | $503,858 | | $29,279 | $533,137 | 25% | $133,284 |

**7. Limiting Sales from November 22, 2012 to March 8, 2013 and Subdividing by Product [1]**

**DigiClean / MicroClean**

| | A | B | C=A*B | D | E=A*D | F=C+E | G | H=F*G |
|---|---|---|---|---|---|---|---|---|
| 11/22/12 to 12/31/12 | $108,951 | 40.29% | $43,891 | 0% | $0 | $43,891 | 25% | $10,973 |
| 1/1/13 to 3/8/13 | $193,619 | 21.94% | $42,474 | 14.66% | $28,376 | $70,849 | 25% | $17,712 |
| **Subtotal:** | $302,570 | | $86,365 | | $28,376 | $114,741 | 25% | $28,685 |
| **DigiPad** | | | | | | | | |
| 11/22/12 to 12/31/12 | $6,846 | 40.29% | $2,758 | 0% | $0 | $2,758 | 25% | $690 |
| 1/1/13 to 3/8/13 | $6,161 | 21.94% | $1,352 | 14.66% | $903 | $2,255 | 25% | $564 |
| **Subtotal:** | $13,008 | | $4,110 | | $903 | $5,013 | 25% | $1,253 |
| **Total:** | $315,578 | | $90,475 | | $29,279 | $119,754 | 25% | $29,938 |

**8. Limiting Sales from February 21, 2012 to March 8, 2013 and Subdividing by Product [1]**

**DigiClean / MicroClean**

| | A | B | C=A*B | D | E=A*D | F=C+E | G | H=F*G |
|---|---|---|---|---|---|---|---|---|
| 2/21/12 to 12/31/12 | $1,009,621 | 40.29% | $406,730 | 0% | $0 | $406,730 | 25% | $101,683 |
| 1/1/13 to 3/8/13 | $193,619 | 21.94% | $42,474 | 14.66% | $28,376 | $70,849 | 25% | $17,712 |
| **Subtotal:** | $1,203,239 | | $449,204 | | $28,376 | $477,580 | 25% | $119,395 |
| **DigiPad** | | | | | | | | |
| 2/21/12 to 12/31/12 | $132,312 | 40.29% | $53,302 | 0% | $0 | $53,302 | 25% | $13,326 |
| 1/1/13 to 3/8/13 | $6,161 | 21.94% | $1,352 | 14.66% | $903 | $2,255 | 25% | $564 |
| **Subtotal:** | $138,473 | | $54,654 | | $903 | $55,557 | 25% | $13,889 |
| **Total:** | $1,341,713 | | $503,858 | | $29,279 | $533,137 | 25% | $133,284 |

Notes:
[1] Includes only sales for DigiPad and MicroClean Products.
[2] Not Claimed



PLAINTIFF'S EXHIBIT 64

4:12-CV-856-A